IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| ELIJAH MONDY, JR., individually and on behalf of all similarly situated citizens of the City of Helena-West Helena, Arkansas | PLAINTIFF |
| v. NO. 2:17CV00104 JLH | |
| ADRIAN MESSINA, individually and in his official capacity as Alderman for the City of Helena-West Helena, Arkansas, et al. | DEFENDANTS |

**OPINION AND ORDER**

This is a putative class action against the City of Helena-West Helena, its mayor, and its aldermen. Elijah Mondy, Jr., alleges that the city council unlawfully repealed an ordinance passed by a majority of the city's residents during a valid initiative election. The defendants have filed motions to dismiss the action and to disqualify Mondy's attorney, James F. Valley. Because Mondy fails to state a claim that arises under federal law, the case is dismissed without prejudice and the motion to disqualify counsel is denied as moot.

On or about September 9, 2016, Mondy submitted a petition for an initiated ordinance with the requisite number of signatures to the city clerk. Document #1 at ¶29. The proposed ordinance would reduce the number of wards in the city and consequently the number of city council members. *Id*. The clerk verified the signatures, and the county election commission approved the ordinance to appear on the ballot for the November 2016 election. *Id.* ¶32. By majority vote, the initiated ordinance passed at the election. *Id.* ¶33. In early December of 2016, the city council voted 10-0 on a "motion to repeal the vote" on the initiated ordinance. *Id.* ¶34. The city council subsequently realized that a new ordinance was needed to repeal the initiated ordinance. *Id.* Later that month the city council met again, this time with a repeal ordinance on the agenda. *Id.* ¶35. The city council ultimately adopted the repeal ordinance by an 8-1 vote. *Id.* ¶36. The city council also voted by the

same margin on an emergency clause so that the repeal ordinance would be effective immediately. *Id.*

Mondy alleges that the defendants' actions have violated the first, fourth, fifth, and fourteenth amendments of the United States Constitution.[1] He further alleges violations of 42 U.S.C. § 1983, the Civil Rights Act of 1964, and the Voting Rights Act of 1965. After invoking these provisions in the jurisdictional allegation of his complaint, Mondy barely mentions them again. Instead, the complaint alleges numerous violations of Arkansas law and seeks a declaration that the repeal ordinance is invalid under state law.

The defendants have moved to dismiss the complaint because it fails to state a claim upon which relief may be granted and because the Court lacks subject matter jurisdiction. Document #19 at 1, ¶1 and 2, ¶4. The defendants' motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1), while their motion to dismiss for failure to state a claim is governed by Rule 12(b)(6). Mondy responded but did not address the issue of subject matter jurisdiction, except in a conclusory fashion. Document #20 at 6, ¶23.

The United States constitution extends the federal judicial power to cases and controversies that arise under the constitution, laws, or treaties of the United States and to disputes between parties of different states. U.S. Const. art. III, § 2, cl. 1. By statute, the United States District Courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a district court has federal question jurisdiction is determined by the "well-pleaded complaint rule," which provides that a district court has jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

---

[1] Other than its inclusion in the "Jurisdiction" section, the complaint makes no further mention of the fourth amendment or how it was violated. It does not appear that the fourth amendment is relevant to Mondy's claims.

2

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (citation omitted). A district court also may have jurisdiction in a civil action in which the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332(a).

The defendants' motion amounts to a facial attack on jurisdiction, which affords Mondy's complaint Rule 12(b)(6) protection. *Carlson v. Game Stop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). Under Rule 12(b)(6), the Court accepts as true all of the factual allegations contained in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). The complaint must, however, contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

Even if a claim arises under federal law, a United States District Court lacks jurisdiction when the plaintiff lacks standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). The "irreducible constitutional minimum of standing" requires a plaintiff to have (1) suffered an injury in fact that is (2) fairly traceable to the conduct of the defendant and is (3) likely to be redressed by a favorable judgment. *Id.* at 561, 112 S. Ct. at 2136.

This Court lacks jurisdiction for at least two reasons. First, the complaint fails to allege a claim that arises under federal law and diversity jurisdiction is lacking, so this Court does not have subject matter jurisdiction. Secondly, Mondy lacks standing.[2]

---

[2] Even if the issue here were governed by Rule 12(b)(6) rather than 12(b)(1), the Court would, after dismissing Mondy's federal claims, decline to exercise supplemental jurisdiction over his state-law claims. The Court may decline to exercise supplemental jurisdiction after dismissing

Mondy does not allege diversity jurisdiction under 28 U.S.C. § 1332. Jurisdiction, then, must be premised on a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although the complaint refers to the United States constitution and federal statutes, the alleged misconduct does not state a claim that arises under federal law. The heart of Mondy's complaint is that, in violation of Arkansas law, the city council repealed and replaced the initiated ordinance. Mondy alleges in conclusory fashion that the defendants violated his federal voting rights and first amendment rights and denied them substantive and procedural due process. *Id.* ¶¶58, 76.

Mondy collected an adequate number of valid signatures and successfully petitioned to have the proposed ordinance placed on the ballot to be adopted by initiative of the voters of the City of Helena-West Helena. The city clerk approved the petition and the county election commission placed the proposed ordinance on the ballot. Votes were cast, so far as the complaint alleges, without any hindrance or attempt to interfere. A majority voted to adopt the proposed ordinance. The city then recognized the ordinance as having been validly adopted (else the repeal ordinance would have been unnecessary). Mondy's complaint is that the defendants, allegedly in violation of Arkansas law, repealed the ordinance. He does not explain, however, how the defendants violated federal law.

---

all of the claims that arise under federal law. *Id*. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988). The Eighth Circuit has said: "We stress the need to exercise judicial restraint and avoid state law issues wherever possible. We also recognize within principles of federalism the necessity to provide great deference and comity to state court forums to decide issues involving state law questions." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990).

Mondy mentions the first amendment in his complaint but alleges no facts to show that his first amendment rights were violated. "[T]he right to a state initiative process is not a right guaranteed by the United States constitution, but is a right created by state law." *Dobrovolny v. Moore*, 126 F.3d 1111, 1113 (8th Cir. 1997). The first amendment's speech clause "assure[s] unfettered interchange of ideas for the bringing about of political and social changes desired by the people." *Roth v. United States*, 354 U.S. 476, 484, 77 S. Ct. 1304, 1308, 1 L. Ed. 2d 1498 (1957). It does not guarantee that the government will listen. *Minnesota State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 283, 104 S. Ct. 1058, 1065, 79 L. Ed. 2d 299 (1984); *see also Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 465, 99 S. Ct. 1826, 1828, 60 L. Ed. 2d 360 (1979) (remarking that the first amendment "provides no guarantee that a speech will persuade or that advocacy will be effective" (citation omitted)); *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1099 (10th Cir. 2006) ("Although the First Amendment protects political speech incident to an initiative campaign, it does not protect the right to make law, by initiative or otherwise."). In a similar case, the Eighth Circuit explained:

> The residents have not shown any restriction on their ability to participate in the referendum process or otherwise engage in political speech, nor have they shown any burden on their ability to publicize their views. Neither the referendum process itself nor the City's conduct in responding to the referendum process interfered in any way with the message the residents sought to communicate, restricted their ability to circulate either referendum petition, regulated the content of their speech, or infringed on their ability to communicate with other voters or the manner by which they could so communicate.

*MacMann v. Mathes*, 843 F. 3d 770, 779 (8th Cir. 2016). Accepting the facts alleged in the complaint as true, no one violated Mondy's first amendment rights.

Mondy's complaint also mentions the Voting Rights Act of 1965 and the Civil Rights Act of 1964, as well as the constitutional "one person one vote" principle. Federal law prohibits denial

or abridgment of the right to vote of a citizen who is a member of a protected class. *See* 52 U.S.C. § 10101 *et seq.*; *Thornburgh v. Gingles*, 478 U.S. 30, 43, 106 S. Ct. 2752, 2762, 92 L. Ed. 2d 25 (1986); *Jeffers v. Beebe*, 895 F. Supp. 2d 920, 929 (E.D. Ark. 2012). Where the political processes that lead to nomination or election are not equally open to members of a protected class, the victims of such discrimination have a federal claim. 52 U.S.C. § 10301(6). Mondy does not, however, allege that the defendants' conduct denied or abridged his right to vote, prevented him from participating in the election process equally with other voters, or discriminated against persons in a protected class. He alleges no facts to show a violation of the "one person one vote" principle. He does not allege that the defendants were motivated by a discriminatory purpose when they voted to repeal the initiated ordinance. *Cf. Jeffers*, 895 F. Supp. 2d at 935-36. The complaint fails to state a claim that Mondy's voting rights, as protected by federal law, were violated.

Mondy additionally alleges that the defendants' repeal and replacement of the ordinance denied him both substantive and procedural due process. Section 1983 is his vehicle for these due process claims. Mondy's due process claim—whether procedural or substantive—requires him to possess a protected life, liberty or property interest in the deprivation alleged. *Dobrovolny*, 126 F.3d at 1113. Without such an interest, the government has no obligation to provide due process of law. *Id.* The due process clause itself or state law may give rise to a protected liberty interest. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed.2d 174 (2005). Mondy does not explain what his protected interest is. If his protected interest was the right to vote, that interest was not abridged: he was allowed to vote. His complaint, at bottom, is that the defendants violated Arkansas law in repealing and replacing the ordinance adopted by referendum.

Mondy's interest, then, seems to be adherence to procedures defined by Arkansas law. *See Dobrovolny*, 126 F.3d at 1113 ("[A] liberty interest created by state law is by definition

circumscribed by the law creating it."). But Mondy cannot claim a liberty interest in a state-created procedure only. As the Supreme Court has explained, a protected liberty interest must be a substantive interest. *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S. Ct. 1741, 1748, 75 L. Ed. 2d 813 (1983). Mondy has not alleged that the procedures required by Arkansas law to repeal an ordinance give rise to a substantive liberty interest.

Even if the complaint alleged a protected liberty interest, Mondy has not alleged that his procedural due process rights were violated. A violation of procedural due process "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126, 110 S. Ct. 975, 983, 108 L. Ed. 2d 100 (1990). Before Mondy can bring a claim in federal court for a violation of procedural due process, he "must exhaust state remedies." *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000). The complaint alleges that Arkansas law grants jurisdiction to Arkansas circuit courts over each of Mondy's requests for relief. Document #1 at ¶¶12-18. Mondy has not exhausted the remedies that Arkansas law provides.

Mondy's substantive-due-process claim also fails. Although a substantive-due-process claim may proceed in the face of available state-law remedies, the deprivation must shock the conscience. *Entergy, Ark., Inc. v. Nebraska*, 241 F.3d 979, 991 (8th Cir. 2001). To state a substantive-due-process claim, a plaintiff must allege "more than that the government decision was arbitrary, capricious, or in violation of state law." *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1104 (8th Cir. 1992). Mondy's complaint rests on his allegation that the defendants violated Arkansas law when they repealed the initiated ordinance, which is insufficient to allege a substantive-due-process claim.

Mondy's claim is simply that the defendants violated Arkansas law when they repealed the initiated ordinance. Section 1983 provides a remedy for violations of federal law, not state law. *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000).

This Court also lacks jurisdiction because Mondy has not alleged facts sufficient to satisfy constitutional standing requirements. The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lance v. Coffman*, 549 U.S. 437, 439, 127 S. Ct. 1194, 1196, 167 L. Ed. 2d 29 (2007) (quotation and citation omitted). Every citizen possesses a right to demand that the government "be administered according to law." *Id.* at 440, 127 S. Ct. At 1197. But "this general right does not entitle a private citizen to institute [a suit] in the federal courts." *Id.* (alterations in original) (quotation and citation omitted).

The Eighth Circuit has applied this general standing requirement in the voting-rights context. "[V]oters can challenge a state election procedure in federal court only in limited circumstances, such as when the complained of conduct discriminates against a discrete group of voters." *Nolles v. State Comm. for Reorganization of Sch. Districts*, 524 F.3d 892, 898 (8th Cir. 2008). A claim alleging "concrete and personalized injuries in the form of denials of equal treatment or of vote dilution" satisfies the injury-in-fact requirement of standing. *Id.* at 900. Claims that "merely seek to protect an asserted interest in being free of an allegedly illegal electoral system" do not. *Id.* Mondy's complaint does not allege an injury particular to him or to any discrete group; rather, it alleges an injury that he shares with every citizen of the city, i.e., that the defendants violated Arkansas law. Indeed, the complaint alleges that the defendants' conduct "trampled upon the rights

8

of more than 10,000 or so residents of the city." Document #1 at 9, ¶36. Because Mondy "assert[s] no particularized stake in the litigation," he lacks standing to bring this action. *See Coffman*, 549 U.S. at 442, 127 S. Ct. at 1198.

## CONCLUSION

Mondy's complaint fails to allege a claim that arises under federal law, diversity jurisdiction is lacking, and Mondy lacks standing. Thus, this Court lacks subject matter jurisdiction and must dismiss the complaint under Rule 12(b)(1). If the dismissal of Mondy's federal claims were governed by Rule 12(b)(6), the Court nevertheless would decline to exercise supplemental jurisdiction over Mondy's state-law claims.

The defendants' amended motion to dismiss is granted. Document #19. The motion to disqualify counsel and the motion for a temporary restraining order or preliminary injunction are denied as moot. Documents #11 and #24. The original motion to dismiss is denied as moot. Document #10. This case is dismissed without prejudice.

IT IS SO ORDERED this 25th day of August, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE